IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Crim. No. 01-53-SLR |
| JAMAH GROSVENOR, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of November, 2011, having considered defendant's request for clarification of sentence and an evidentiary hearing, as well as the papers submitted in connection therewith;

IT IS ORDERED that said requests (D.I. 84, 85) are denied for the reasons that follow:

1. **Background.**[1] On July 24, 2001, a federal grand jury charged defendant by indictment with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("count one"); and (2) possession of cocaine base, in violation of 21 U.S.C. § 844(a). (D.I. 2) On the same date, a federal warrant was issued for defendant's arrest.

2. On April 5, 2002, the Newark [Delaware] Police Department arrested

---

[1] Much of the background is drawn from the court's July 20, 2009 decision denying defendant's request for sentence modification. (D.I. 81)

defendant near the scene of a liquor store robbery. (D.I. 15) Defendant was subsequently charged, in New Castle County Superior Court ("state court"), with: robbery; menacing; possession of a firearm during the commission of a felony; conspiracy; wearing a disguise during the commission of a felony; possession of a deadly weapon by a person prohibited; criminal impersonation; resisting arrest; and endangering the welfare of a child ("state charges"). (*Id.*)

3. On April 8, 2002, the United States Marshal Service for the District of Delaware lodged a federal detainer against defendant. (D.I. 15) This court issued a writ of habeas corpus ad prosequendum and defendant appeared for his initial appearance before Magistrate Judge Thynge. Defendant was ordered detained, in federal custody, on May 14, 2002. (*Id.*)

4. On June 14, 2002, defendant was returned to the custody of the State of Delaware to face pending charges. On August 8, 2002, defendant was sentenced to two and a half years incarceration for violation of probation related to a 2001 conviction. (D.I. 39)

5. Defendant returned to this court on November 14, 2002, in order to enter a plea of guilty to count one of the indictment. (D.I. 46) Thereafter, he was returned to state custody to face additional charges. (D.I. 51) On December 19, 2002, defendant entered a guilty plea to state charges and was subsequently sentenced to seven years of incarceration.

6. On February 19, 2003, this court sentenced defendant to 51 months of imprisonment (18 months of which were to be served concurrent with his state sentence), to be followed by 3 years of supervised release. (D.I. 59)

7. On July 17, 2006, defendant wrote the first of many letters, requesting that the court intervene with respect to the sentence rendered.[2] On November 29, 2007, defendant filed a motion for sentence modification. (D.I. 65) Plaintiff opposed defendant's motion. (D.I. 78)

8. The court denied defendant's motion, finding jurisdiction lacking to modify his sentence. (D.I. 81) Specifically, Federal Rule of Criminal Procedure 35 provided no authority to modify the sentence because more than seven days passed since defendant's sentence was imposed. Further, the Bureau of Prisons ("BOP") had not recommended a reduction of sentence for defendant and defendant did not seek a modification based on a change in the Sentencing Guidelines.

9. Subsequently, defendant filed letter requests seeking another review and modification of his sentence. (D.I. 84, 85) Specifically, defendant requests that the court modify his sentence such that the "entire 51 month federal sentence" run concurrent with his state sentence based on his post-sentencing rehabilitation efforts. He seeks a hearing to present evidence of his rehabilitation.

---

[2]Defendant has filed 17 letters seeking some type of modification, correction, clarification or removal of his sentence. (D.I. 60, 61, 63, 65, 66, 67, 68, 70, 72, 75, 76, 80, 82, 84, 85, 91, 93) The court replied by letters dated June 13, 2007 and August 19, 2008. (D.I. 62, 69) In the latter response, the court explained the practical result of his sentence:
> Essentially, the federal sentence means that the last 18 months of the state sentence and the first 18 months of the federal sentence are actually the same, resulting in your serving 33 months of the 51 months in federal custody. Because the federal detainer was lodged by the BOP and the United States Marshal Service, not the court, I am without jurisdiction to remove the detainer.

(D.I. 69)

3

10. Plaintiff has filed opposition to the motion, asserting that the court does not have jurisdiction to grant the relief requested. (D.I. 88) Rather, the BOP is responsible for calculation of the time served and any applicable credits. See 18 U.S.C. § 3585.

11. In reply, defendant requests a prompt decision on his motion because the BOP has set his release date for December 15, 2012. (D.I. 89, 92)

12. **Discussion.** As noted in the memorandum order dated July 20, 2009, Rule 35(a) of the Federal Rules of Criminal Procedure provides that, within seven days after sentencing, a court may correct a sentence that resulted from arithmetical, technical or clear error. The seven-day time requirement of Rule 35 is jurisdictional. *United States v. Higgs*, 504 F.3d 456, 463 (3d Cir. 2007). Generally, a district court cannot modify a term of imprisonment after it has been imposed without specific authorization. *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981). Once a sentence is imposed, the Bureau of Prisons ("BOP") is responsible for implementing the sentence. 18 U.S.C. § 3621.

13. Pursuant to 18 U.S.C. § 3582(c), a court may modify a term of imprisonment under the following circumstances: (1) a motion of the Director of the BOP in cases involving "extraordinary and compelling reasons" or whether the defendant is over 70 years of age; (2) where modification is expressly authorized pursuant to Fed. R. Crim. P. 35 or by statute; or (3) in certain cases where a defendant was sentenced based on a sentencing range that was subsequently lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 944(o).

14. Considering this authority, the court once again finds defendant's requests

4

must be denied because the court lacks jurisdiction to modify his sentence. Specifically, Rule 35 provides no authority to modify the sentence, as more than seven days have passed since defendant's sentence was imposed. Further, the BOP has not recommended a reduction of sentence for defendant and defendant does not seek a modification based on a change in the Sentencing Guidelines. Defendant's efforts at rehabilitation are commendable, but do not provide a basis for sentence modification. *Guerrero v. United States*, 151 F. Supp.2d 446, 449 (S.D. N.Y. 2001).

IT IS FURTHER ORDERED that any future requests for sentence modification will be docketed but not considered.

United States District Judge